UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARK FIELDS,

                Petitioner,

           -against-                        ORDER ADOPTING REPORT
                                                    AND RECOMMENDATION
WILLIAM A. LEE, Superintendent,
Green Haven Correctional Facility,

                                                         12-CV-4878 (CS)(JCM)

                Respondent.
------------------------------------------------------x

Seibel, J.

       Before the Court are Petitioner's objections, (Doc. 25), to the Report and Recommendation of United States Magistrate Judge Judith C. McCarthy, (Doc. 24 ("R&R")), recommending that Petitioner's application for a writ of *habeas corpus* be denied.

       A District Court reviewing an R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Automotive, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of an R & R, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28

U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Board of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Petitioner in his objections states that he objects to Judge McCarthy's recommendation on all fifteen claims, (Doc. 25, at 3, 9), but he points to no particular portion of the R&R that he says is incorrect, and rather simply reiterates points he made or could have made below.[1] There being no specific or particular objection, I review for clear error, and find none.

Petitioner also requests counsel to help with his objections and/or further proceedings. Under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, "the judge must appoint an attorney" to an indigent Petitioner "[i]f an evidentiary hearing is warranted." That is not the case here. Further, under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), the Court may assign counsel to a petitioner seeking relief under 28 U.S.C. § 2254 when "the interests of justice so require." That is also not the case here. It does not appear that Petitioner's claim has merit, and while the issues are not simple, Petitioner has demonstrated

---

[1] The closest Petitioner comes to a specific objection is his argument that "[a]bsconding normally [would] justify a reason to free a Court from its plea agreement, only if the plea agreement was legal and [c]onstitutional." (Doc. 25, at 3.) But the R&R did not state that Petitioner having absconded between his plea and his sentencing meant that the plea agreement would be binding even if illegal; rather, the Magistrate Judge simply pointed out that Petitioner's failure to bring a timely direct appeal (while he was in absconder status) was a procedural default that precluded review of several of his claims. (*See* R&R at 17-21.)

the ability to advocate on his own behalf, filing lengthy legal and factual arguments, augmented by exhibits.  *See Toron v. United States*, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003).

Accordingly, the R&R is adopted as the decision of the Court, and the application for counsel is denied.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 7, 2015
       White Plains, New York

                                             */s/ Cathy Seibel*
                                            CATHY SEIBEL, U.S.D.J.